**Exhibit A2**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**12/05/2018** at 03:33:08 PM
Clerk of the Superior Court
By Maria Acevedo, Deputy Clerk

James McDanel
Law Office of James McDanel
SB# 116986
8605 Santa Monica Blvd. Suite 77023
Los Angeles CA, 90069
(866) 261-6584

Attorney for Plaintiff, Dr. Lokesh Tantuwaya MD Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DR. LOKESH TANTUWAYA MD INC. <br><br> Plaintiff, <br><br> vs. <br><br> JETSUITE, INC. ; SUPERIOR AIR CHARTER, LLC and ; DOES 1 through 20 Inclusive <br><br> Defendants | Case No. 37-2018-00061388-CU-BC-CTL <br><br> COMPLAINT FOR: <br><br> (1) BREACH OF CONTRACT <br><br> (2) BAD FAITH TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING <br><br> (3) DECLARATORY RELIEF |

Plaintiff, Dr. Lokesh Tantuwaya MD Inc. for its complaint against Defendant JetSuite Inc. ("JETSUITE") and Superior Air Charter, LLC ("SUPERIOR AIR") alleges as follows:

## GENERAL ALLEGATIONS

1. This action arises from each Defendant's failure and refusal to honor its contractual obligations to Plaintiff. SUPERIOR AIR pursuant to a Exclusive Aircraft Lease Agreement entered into with Plaintiff on June 15, 2016 (the "Leasing Contract") and JETSUITE pursuant to an Aircraft Operations and Management Agreement (the "Management Contract"). Plaintiff

Complaint

1

entered into both contracts with Defendants on June 15, 2016. Both contracts related to an aircraft owned by Plaintiff specifically an Embraer EMB-500 Phenom 100 Manufacturer's serial number 50000088 (the "Aircraft).

2. On or about May 2017 the plaintiff requested that pursuant to the terms of the agreement Defendants transfer the lease to a third party entity. Despite repeated attempts by Plaintiff over a number of months, to have Defendants' consummate the transfer Defendants' unjustifiably and in bad faith refused to honor plaintiff's request for transfer under the contract and in fact unjustifiably and in bad faith unilaterally terminated the contract on or about September 2018, By this lawsuit, plaintiff seeks the transfer pursuant to the terms of the contract to which it is entitled under the contract, as well as damages for Defendants' bad faith denial of the benefits of the contract..

## THE PARTIES

3. Plaintiff is a Corporation company organized and existing under the laws of the State of California.

4. Defendant JETSUITE, INC., is a company registered to do business with the California Secretary of State and organized and existing under the laws of the state of Delaware with its principal place of business located in Irvine California. Upon information and belief, JetSuite is engaged in, among other things, the business of air charter and general aviation, in the County of San Diego. The contract entered into between Plaintiff and JETSUITE was entered into in San

Diego County.

5. Defendant Superior Air Charter, LLC is a company registered to do business with the California Secretary of State and organized and existing under the laws of the state of Delaware with its principal place of business located in Irvine California. Upon information and belief, Superior Air is engaged in, among other things, the business of air charter and general aviation, in the County of San Diego. The contract entered into between Plaintiff and JetSuite was entered into in San Diego County.

6. The true names and/or capacities, whether individual, corporate, associate or otherwise, of the defendants DOES 1-20, inclusive, and each of them, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that said defendants proximately caused the injuries and damages of Plaintiff as hereinafter alleged. Plaintiff will amend the Complaint to insert the true names and/or capacities of such fictitiously named defendants when the same have been ascertained.

7. Plaintiff is informed and believes and thereon allege that at all times mentioned herein, defendants, and each of them, including DOES 1-20, were

Complaint

3

the agents, servants, employees, predecessors, successors and/or joint ventures of their co-defendants, and were acting within the course, scope and authority of said agency, employment and/or joint venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring, training, supervision and retention of each and every other defendant as an agent, employee and/or joint venture, and authorized and/or ratified the acts thereof.

8. Plaintiff has complied with all applicable terms and conditions under the Contract.

9. Defendant's have breached its duties to plaintiff by failing to transfer the lease at the request of Plaintiff pursuant to the terms of the agreement after having had repeated opportunities to do so.

10. Defendant's have breached its duties to plaintiff by improperly terminating the contract without basis to do so.

11. By this action, plaintiff seeks damages for Defendants' breach of a written contract, bad faith tortuous breach of the implied covenant of good faith and fair dealing, and a declaration of the rights duties and obligations of the parties under the contract.

### FIRST CAUSE OF ACTION

(Breach of Contract as against all Defendants)

12. Plaintiff incorporates by reference the allegations contained in

Complaint

4

Paragraphs 1 through 12, as though set forth fully herein.

13. Plaintiff and JETSUITE entered into the contract on June 15, 2016. The Contract was in effect at all relevant times, up to the time it was unilaterally terminated by Defendant JETSUITE.

14. Plaintiff and SUPERIOR AIR entered into the contract on June 15, 2016. The Contract was in effect at all relevant times, up to the time it was unilaterally terminated by Defendant SUPERIOR AIR.

15. Plaintiff had previously made a proper and valid request to both Defendants for transfer of the contract to a third party entity. Defendants made no objection to such transfer and in fact agreed to and acquiesced to the transfer.

16. Plaintiff has performed all covenants and conditions required of it under the Contract.

17. Defendant JETSUITE breached its contractual duties to plaintiff under the Contract by failing to transfer the contract and by improperly unilaterally terminating the lease without cause or justification.

18. As a direct and proximate result of Defendant's breach of contract, plaintiff has been damaged in a sum of approximately $2,000,000. Plaintiff will seek leave of Court to amend this Complaint when such sum can be specifically ascertained.

Complaint

5

Exhibit A2
00006

## SECOND CAUSE OF ACTION

(Breach of the Implied Covenant of Good Faith

And Fair Dealing as against all Defendants)

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18, as though set forth fully herein.

20. Implied into every contract is a covenant of good faith and fair dealing which obligated the defendants SUPERIOR AIR and JETSUITE to act at all times in good faith towards Plaintiff. Plaintiff reasonably expected that defendants SUPERIOR AIR and JETSUITE would transfer the contracts/lease upon request and complete the contracts/lease pursuant to its terms, and that Defendants SUPERIOR AIR and JETSUITE would deal with plaintiff fairly, equitably and in good faith.

21. SUPERIOR AIR and JETSUITE have breached the implied covenant of good faith and fair dealing, most notably by failing to transfer the contracts/lease upon request and complete the contracts/lease pursuant to its terms rather than improperly terminating the contracts without a valid basis to do so.

22. The acts and omissions of SUPERIOR AIR and JETSUITE as set forth herein were committed in bad faith, intentionally and/or with conscious and reckless disregard for Plaintiff' rights. Plaintiff is informed and believe, and on that

basis alleges, that SUPERIOR AIR and JETSUITE intentionally and willfully refused to comply with its obligations to Plaintiff. Plaintiff is further informed and believe, and on that basis allege as to both SUPERIOR AIR and JETSUITE, that the sole motivation in non compliance with the transfer request and subsequent termination was to save money that should have been used to benefit Plaintiff under the contract, for which both Defendants had previously received substantial funds pursuant to the terms of the contracts.

23. As a direct and proximate result of Defendants' SUPERIOR AIR and JETSUITE breach of the implied covenant of good faith and fair dealing contained in the contract Plaintiff has suffered general and consequential damages in an amount in excess of the jurisdictional minimum of this Court. Plaintiff will seek leave of Court to amend this Complaint to state the actual amount of damages when known.

24. Defendant's' conduct described above was intended by Defendants SUPERIOR AIR and JETSUITE to cause injury to Plaintiff and constituted despicable conduct carried on by Defendant's SUPERIOR AIR and JETSUITE in willful and conscious disregard of plaintiff' rights such as to constitute malice, oppression or fraud as defined by California Civil Code § 3294. Plaintiff is therefore entitled to punitive and exemplary damages against SUPERIOR AIR and JETSUITE in an amount sufficient to punish SUPERIOR AIR and JETSUITE and

deter it and others from engaging in similar, unlawful conduct in the future.

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

25. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 24, as though set forth fully herein.

26. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendants, SUPERIOR AIR and JETSUITE on the other hand, relating to their respective legal rights and obligations under the contracts referenced herein.

27. Plaintiff contends that, pursuant to the terms of the contracts, Defendants SUPERIOR AIR and JETSUITE had a obligation and or duty to transfer the contracts/lease pursuant to the request of Plaintiff and after having agreed to do so failed to follow through with the transfer.

28. Plaintiff further contends that rather than properly effectuate the transfer as requested by Plaintiff, Defendants SUPERIOR AIR and JETSUITE improperly breached the contract by unilaterally terminating the contract without proper cause to do so.

29. Plaintiff is informed and believe, and on that basis allege, that Defendants disputes the above-alleged contentions,

30. Plaintiff seeks a declaration of the rights and obligations of the parties

under the contracts/lease and specifically seek an adjudication that Defendants are obligated to reinstate the contract/lease and transfer the contract/lease as properly requested by Plaintiff.

WHEREFORE, Plaintiff prays for judgment as follows:

### ON THE FIRST CAUSE OF ACTION

1. For the Court to enter judgment against Defendants in a sum in excess of the jurisdictional limit, to be determined according to proof al trial, together with interest thereon at the maximum statutory rate, fees and costs incurred herein, and such other and further relief as the Court may deem just and proper.

2. That the Contract/Lease be reinstated pursuant to its terms and the Defendants are ordered to transfer the Contract/lease to the third party entity as requested by Plaintiff pursuant to the terms of the agreement(s).

### ON THE SECOND CAUSE OF ACTION

3. For an award against Defendants of all actual, general, consequential, and

4. incidental losses in an amount to be determined according to proof, together with interest thereon at the maximum statutory rate.

5. For an award of punitive and exemplary damages against Defendants

in an amount sufficient to punish Defendants and deter it and others from engaging in similar, unlawful conduct in the future,

6. For reasonable attorneys' fees.

## ON THE THIRD CAUSE OF ACTION

5. For a declaration of the rights and obligations of both Plaintiff and Defendants under the Contract.

## ON ALL CAUSES OF ACTION

6. For all costs of suit incurred herein

7. For any and all further relief which the Court deems proper.

DATED: December 3, 2018                Law Office of James McDanel

By _____
                                           Signature by Fax
                       James McDanel,
      Attorney for Plaintiff, Dr. Lokesh Tantuwaya MD Inc.

Complaint

10