UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LOKESH TANTUWAYA MD, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JETSUITE, INC. et al.,<br><br>Defendants. | Case No.:  19-cv-49-W-BLM<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY AND IMPOSING MONETARY SANCTIONS** |

Currently before the Court is Defendants' August 21, 2023 Motion to Compel Discovery by Defendants [ECF No. 33 ("MTC")]. Plaintiff did not file an Opposition [See Docket], and Defendants filed a Reply on September 11, 2023. ECF No. 34. For the reasons set forth below, Plaintiff's motion is **GRANTED.**

### RELEVANT PROCEDURAL BACKGROUND

On January 8, 2019, Defendants removed this action from the Superior Court of California, County of San Diego. ECF No. 1. On February 15, 2019, Defendants answered Plaintiff's complaint. ECF No. 6. On March 25, 2019, Magistrate Judge Major held an Early Neutral Evaluation Conference wherein the case did not settle and issued a scheduling order regulating all pre-trial deadlines and discovery deadlines. ECF Nos. 9, 10. On April 26, 2019, Defendants filed a Motion to Stay Civil Action Pending Resolution of Criminal Proceedings which was granted by District Judge Whelan on August 19, 2023. ECF Nos. 11, 14. On June 2, 2020, Defendant Superior Air Charter, LLC filed a Notice of Bankruptcy Filing. ECF No. 17. On December 13, 2022,

District Judge Whelan vacated the stay on the case as the criminal case against Plaintiff was resolved, and the Bankruptcy proceeding involving Defendant Superior Air Charter, LLC was terminated. ECF No. 25. On January 23, 2023, Magistrate Judge Major issued a scheduling order regulating pre-trial deadlines and discovery deadlines with the following deadlines:

| | |
|---|---|
| Fact Discovery Cutoff | August 25, 2023 |
| Expert Designations | July 14, 2023 |
| Rebuttal Expert Designations | August 11, 2023 |
| Expert Disclosures | August 25, 2023 |
| Rebuttal Expert Disclosures | September 29, 2023 |
| Expert Discovery Cutoff | November 10, 2023 |
| Pretrial Motion Deadlines | December 15, 2023 |
| Mandatory Settlement Conference | February 13, 2024 at 9:30 a.m. |
| Pretrial Disclosures [Fed. R. Civ. P. 26(a)(3) | March 11, 2024 |
| Meet and Confer of Counsel | March 11, 2024 |
| Final Pretrial Conference Order | April 1, 2024 |
| Informal Letter Briefs | April 10, 2024 |
| Final Pretrial Conference | April 15, 2024 |

ECF No. 29.

**RELEVANT DISCOVERY BACKGROUND**

On March 22, 2019, Defendants served Plaintiff with their first set of Requests for Production of Documents. MTC at 2; ECF No. 33-2. Plaintiff requested and was granted an extension to April 30, 2019 to respond to the Requests for Production. Id. On May 2, 2019, Plaintiff served written responses which committed to producing documents after the stay of the case was lifted. Id.; ECF No. 33-3. Following the stay being vacated, on March 6, 2023, Defendant Jetsuite, Inc. ("JetSuite") served its first set of Interrogatories on Plaintiff with Plaintiff's responses due April 5, 2023. Id.; ECF No. 33-4. On March 7, 2023, counsel for Defendants requested Plaintiff comply with his May 5, 2019 commitment to produce responsive

documents to Defendants' Requests for Production of Documents [ECF No. 33-2]. Id.; ECF No. 33-5. On March 15, 2023, counsel for Plaintiff stated he would "follow[] up" regarding producing the responsive documents. Id.; ECF No. 33-6. On April 26, 2023, counsel for Defendants sent counsel for Plaintiff another request for compliance with his May 5, 2019 commitment to produce the responsive documents. Id.; ECF No. 33-7.

As of the filing of Defendants' MTC, Plaintiff has not produced any documents in response to Defendants' Requests for Production, nor responded to Defendant Jetsuite, Inc.'s Interrogatories. Id. at 3. Plaintiff also has not designated any experts or rebuttal experts. Id.

On August 15, 2023, counsel for Defendant contacted counsel for Plaintiff to arrange a conference call with Magistrate Judge Major's chambers regarding the outstanding discovery to which they received no response. Id. On August 18, 2023, counsel for Defendants, Laura Booth, contacted Magistrate Judge Major's chambers regarding the discovery dispute and requested a conference call with Judge Major's clerk pursuant to Judge Major's chamber rules. ECF No. 32. As of the filing of Defendants' MTC, Plaintiff has not responded to any of defense counsel's communications since March 15, 2023. Id. at 5.

On August 18, 2023, Magistrate Judge Major issued an order setting a briefing schedule wherein Defendants were required to file their MTC on or before August 21, 2023, Plaintiff had to file his Opposition on or before September 5, 2023, and Defendants could file a reply on or before September 11, 2023. ECF No. 32. On August 21, 2023, Defendants filed the instant motion moving to compel Plaintiff to respond to their Requests for Production and Interrogatories, and requesting the Court award them reasonable expenses, including attorney's fees incurred in bringing the MTC, or alternatively, dismiss this case in its entirety. ECF No. 33.

## **LEGAL STANDARD**

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained

from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Any party, on notice to all other parties and all affected persons, apply for an order compelling discovery or disclosure. Fed. R. Civ. P. § 37(a)(1). Federal Rule of Civil Procedure Rule 37 provides for an entry of an order compelling discovery where a party has failed to respond to an interrogatory or request for production on the following grounds:

> A party seeking discovery may move for an order compelling an answer [or] production [...] if (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted or fails to permit inspection as requested under Rule 34.

Fed. R. Civ. P. § 37(a)(3)(B)(iii)-(iv).

## DISCUSSION

### A. Meet and Confer Requirement

Civil Local Rule 26.1 provides, "The court shall entertain no motion pursuant to Rules 26 through 37, Fed.R.Civ.P., unless counsel shall have previously met and conferred concerning all disputed issues." S.D. Cal. Civ. R. 26.1(a). Counsel for the moving party must serve and file a certificate of compliance with this rule when filing a discovery motion. S.D. Cal. Civ. R. 26.1(b). Additionally, Federal Rule of Civil Procedure, Rule 37 states a motion to compel discovery responses "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). If the parties fail to resolve their dispute through the meet and confer process, then counsel for all parties are required to determine a mutually agreeable time to conduct a conference call with all counsel regarding the dispute, and

should a lawyer fail to respond to opposing counsel's request for more than 72 hours, counsel may contact chambers and request the conference absent the nonresponsive lawyer. Hon. Barbara L. Major Chamber R. (V)(A)-(B).

Here, the Court finds that Defendants complied with their meet and confer requirements prior to filing the instant MTC. On March 7, 2023, counsel for Defendants contacted counsel for Plaintiff via email requesting they comply with their prior commitment to respond to Defendants' first set of Requests for Production. MTC at 2; ECF No. 33-5. On April 26, 2023, counsel for Defendants contacted counsel for Plaintiff regarding the outstanding responses to both the Requests for Production of Documents and Interrogatories. Id.; ECF No. 33-7. On August 10, 2023, counsel for Defendants emailed Plaintiff's counsel informing them of Defendants' intention to file the instant MTC should they not produce responsive documents to the Requests for Production and responses to the Interrogatories. Id.; ECF No. 33-9. On August 11, 2023, counsel for Defendants emailed counsel for Plaintiff requesting a time to meet and confer further regarding the outstanding discovery. Id.; ECF No. 33-10. Plaintiff's counsel never responded to any of the requests to meet and confer. Id. at 6. In the instant MTC, Defendants included a Local Rule 7.1(a)(3) Certification that they attempted in good faith to meet and confer with Plaintiff's counsel regarding the outstanding discovery prior to bringing the MTC. Id. at 7.

Once meet and confer efforts deteriorated and counsel for Defendants sought court intervention regarding the discovery dispute, they contacted Magistrate Judge Major's chambers for an informal conference and provided 72 hours' notice to counsel for Plaintiff. Id. at 3; ECF No. 33-11. Plaintiff's counsel did not respond to the notice, nor did they participate in the conference call with Magistrate Judge Major's clerk. [1] Id.

Overall, Defendants attempted to meet and confer with Plaintiff's counsel no less than four times in an effort to resolve the discovery dispute without court intervention, and informed Plaintiff's counsel of the conference call with Magistrate Judge Major's clerk pursuant to the

---

[1] The Court notes that counsel for Plaintiff has not responded to counsel for Plaintiff since March 25, 2023, and has failed to file any opposition to the instant MTC.

5

undersigned Judge's chamber rules. Thus, the Court finds that Defendants have satisfied their meet and confer obligations.

### B. Plaintiff's Failure to Respond to Requests for Production & Interrogatories

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B).  The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2).  "The grounds for objecting to an interrogatory must be stated with specificity, [and] [a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  Any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

On March 22, 2019, Defendants served Plaintiff with their first set of Requests for Production. MTC at 2; ECF No. 33-2. Pursuant to Federal Rules of Civil Procedure 34, Plaintiff's responses were due on or before April 22, 2019. See Fed. R. Civ. P. 34(b)(2)(A). Plaintiff requested, and was granted, an extension to respond to the Requests for Production to April 30, 2019. On May 2, 2019, Plaintiff served written responses which committed to produce certain documents after any stay of the case concluded. MTC at 2; ECF No. 33-3. As of the filing of the instant MTC, Plaintiff has failed to produce any responsive documents to Defendants' Requests for Production. MTC at 3; Declaration of Laura M. Booth in Support of Defendants Jetsuite, Inc. and Superior Air Charter, LLC's Motion to Compel Responses to Discovery Pursuant to Fed. R. Civ. P. 37(a) and Request for Monetary and Terminating Sanctions ("Booth Decl.") at ¶ 9. By

failing to timely produce documents responsive to Defendants' Requests for Production, the Plaintiff has violated his duty under Federal Rule of Civil Procedure, Rule 34 which the Ninth Circuit Court of Appeals has held to require that "[t]he response must provide access to the information requested, either by permitting inspection or by producing documents." Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1147 (9th. Cir. 2005). Here, Plaintiff neither permitted inspection of nor produced documents responsive to Defendants' Requests for Production. Plaintiff and Plaintiff's counsel have not shown any good cause or excusable neglect for their failure to produce responsive documents. Therefore, the Court finds that Plaintiff has failed to comply with his discovery obligations under Rule 34. In their MTC, Defendants only seek to compel responses to Requests for Production Nos. 1, 10-11, 13, 16-19, 22-24, 27-28, 31-34, and 38-39. MTC at 3; Booth Decl. at ¶ 9. Defendants' motion to compel production of responsive documents is granted. See Fed. R. Civ. P. Rule 34(a)(1).

Similarly, Plaintiff has failed to respond to any of Defendants JetSuite's Interrogatories. On March 6, 2023, Defendant JetSuite served its first set of Interrogatories on Plaintiff. MTC at 2; ECF No. 33-4. Plaintiff's responses to the interrogatories were due on or before April 5, 2023. See Fed. R. Civ. P. 33(b)(2). As of the filing of the instant MTC, Plaintiff failed to respond or object to any of Defendant JetSuite's interrogatories. MTC at 3; Booth Decl. at ¶ 18. The Federal Rules of Civil Procedure provide that any ground for objection to an interrogatory that is not stated in a timely manner is waived unless the party's failure to object is excused by the court for good cause shown. Fed. R. Civ. P. 33(b)(4); see O'Shea v. American Solar Solution, Inc., 2016 WL 11187260 (S.D. Cal. Jan. 6, 2016) (quoting Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 359 (D. Md. 2008)). Here, Plaintiff has not responded to the interrogatories and has not established good cause for his failure to do so. Accordingly, the Court finds that Plaintiff has waived his right to object to the interrogatories and grants Defendants' motion to compel responses. See Richmark Corp., 959 F.2d at 1473 (finding that a party who failed to timely object to interrogatories and document production requests waived any objections).

Within fourteen (14) days from the date of this order, Plaintiff must produce all responsive documents to Defendants' Requests for Production of Documents, Set One, Nos. 1, 10-11, 13,

16-19, 22-24, 27-28, 31-34, 38-39, and must provide substantive responses to Defendant JetSuite's Interrogatories, Set One, without objection.

### C. Sanctions for Failure to Respond

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983). Under Rule 37(b), if a party fails to comply with a court order, the Court may impose any of the sanctions authorized under Rule 37(b)(2)(A)(i)–(vi). The Court also may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). In lieu of, or in addition to, the sanctions listed in Rule 37(b)(2)(A)(i)–(vi), the Court must award reasonable expenses, including attorneys' fees, caused by the failure to respond to discovery, unless it concludes that the failure was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

Fee awards, if awarded, are subject to two conditions. Superior Consulting Servs., Inc. v. Steeves-Kiss, No. 17-CV-06059-EMC, 2018 WL 2183295, at *1 (N.D. Cal. May 2018), aff'd by 786 Fed.Appx. 648 (2019) (citing Fed. R. Civ. P. 11(c)(2), (4)). The award must be limited to fees directly resulting from the violation, and the fees awarded must be reasonable. Fed. R. Civ. P. 37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure"); Goodyear Tire & Rubber Co. v. Haeger, 137 S.Ct. 1178, 1186, n. 5 (2017) ("Rule-based and statutory sanction regimes similarly require courts to find such a causal connection before shifting fees.") (quoting Fed. R. Civ. P. 37(b)(2)(C)). A "court can shift only those attorney's fees incurred because of the misconduct at issue ... [The] causal connection ... is appropriately framed as a but-for test: The complaining party [ ] may recover only the portion of his fees that he would not have paid but for the misconduct." Goodyear Tire, 137 S.Ct. at 1186–87.

Terminating sanctions are "severe and are only justified where the failure to produce stems from the 'willfulness or bad faith' of the offending party." Rodriguez v. Cty. of San Diego,

No. 19-CV-0424-L-MDD, 2020 WL 4696734, at *3 (S.D. Cal. Aug. 2020) (citing Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011)), *report and recommendation adopted*, No. 3:19-cv-424-L-MDD, 2020 WL 5230493 (S.D. Cal. Sept. 2020); see also Pioche Mines Consol., Inc., 333 F.2d 257, 269 (9th Cir. 1964).

### i. Sanctions are Appropriate

Here, the Court finds that sanctions are appropriate based upon Plaintiff's repeated failure to engage in discovery. While Plaintiff responded to Defendants' document requests in 2019, Plaintiff failed to produce the responsive documents after the stay was lifted, despite several reminders/requests from defense counsel. Plaintiff also failed to respond in any way to Defendant JetSuite's interrogatories, despite reminders from defense counsel. Finally, Plaintiff's counsel failed to participate in the meet and confer process and did not respond to the MTC. Accordingly, sanctions are warranted against both Plaintiff and Plaintiff's counsel. See Infanzon v. Allstate Insurance Company, 335 F.R.D. 305, 313 (C.D. Cal. May 15, 2020) (Failure to engage in the meet and confer process justifies the imposition of sanctions against a party's attorney under Federal Rule of Civil Procedure 37(b)).

### ii. The Court Declines to Impose Terminating Sanctions

Defendants are seeking terminating sanctions for Plaintiff's failure to respond to discovery and otherwise participate in the pending litigation. MTC at 6. Alternatively, Defendants seek monetary sanctions for Plaintiff's failure to respond to discovery. Id. at 4-5. While it is a close call since Plaintiff apparently has not served discovery, responded to discovery, designated experts, or opposed the instant MTC, the Court declines to recommend terminating sanctions at this time. See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1116 (9th Cir. 2004) (citing Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412-13 (9th Cir. 1990)) (The Court must first consider lesser sanctions prior to imposing terminating sanctions).

However, the Court warns Plaintiff that additional failures to comply with discovery obligations or court orders may result in additional monetary sanctions, evidentiary sanctions, or dismissal of the case. See Fed. R. Civ. P. 37(b)(2)(A)(vi); see also Guifu Li v. A Perfect Day Franchise, Inc, 281 F.R.D. 373, 391-92 (N.D. Cal. Mar. 19, 2012).

### iii. The Court Imposes Monetary Sanctions

The Court finds that Plaintiff's failure to comply with his discovery obligations, and Plaintiff's counsel's failure to engage in the meet and confer process or respond to the MTC, does warrant the imposition of monetary sanctions. Defendants seek monetary sanctions of $1,827.00, which constitutes the costs incurred in preparing and filing the instant MTC. MTC at 5; Booth Decl. at ¶ 21. Ms. Booth states that she spent 2.5 hours preparing the MTC and that her billing rate is $570 per hour (2.5 x $570 = $1425). Id. After reviewing Ms. Booth's declaration and considering the lack of objection, the Court finds that Ms. Booth's hourly rate is reasonable and in line "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The Court also finds that the requested 2.5 hours for preparing the instant MTC is extremely reasonable. Finally, the Court notes that Plaintiff failed to oppose the request for sanctions or to object to the hourly rate requested and the time spent by counsel drafting the instant MTC. See Docket.

Defendants also seek to recover the $402 filing fee they paid to remove this action from the Superior Court of California, County of San Diego. MTC at 5; Booth Decl. at ¶ 21. The cost of the Notice of Removal is not related to the instant MTC or the discovery and meet and confer failures. As a result, the Court declines to include this cost in the sanctions calculation. See Goodyear Tire & Rubber Co., 137 S.Ct. at 1186, n.5 (2017).

For the reasons set forth above, the Court finds that Plaintiff and Plaintiff's counsel engaged in sanctionable conduct and that monetary sanctions are appropriate. The Court further finds Plaintiff did not provide any substantial justification for his failure to timely respond to the written discovery and there are no "other circumstances [that] make an award of expenses unjust." See Fed. R. Civ. P. 37(d). Accordingly, the Court grants Defendants' request for monetary sanctions in the amount of $1,425.00 against both Plaintiff and Plaintiff's counsel, James McDanel of the Law Offices of James McDanel.

//

## CONCLUSION

Defendants' Motion to Compel [ECF No. 33] is **GRANTED**. Plaintiff <u>must</u> produce responsive documents to Defendants' Requests for Production of Documents, Set One, Nos. 1, 10-11, 13, 16-19, 22-24, 27-28, 31-34, 38-39, and <u>must</u> provide substantive, complete responses to Defendant JetSuite's Interrogatories, Set One, without objection within fourteen (14) days of this order. Further, the Court imposes monetary sanctions totaling $1,425.00 on Plaintiff and Plaintiff's counsel, James McDanel of the Law Offices of James McDanel, for their failure to respond to Defendants' written discovery, engage in meet and confer efforts, and respond to the instant MTC. Plaintiff and/or Plaintiff's counsel must pay $1,425.00 to Defense counsel by **October 13, 2023**, and Plaintiff's counsel must file a declaration of payment by **October 20, 2023**. Plaintiff and Plaintiff's counsel are warned that failure to comply with this order may result in additional sanctions, including a dismissal of the present action.

**IT IS SO ORDERED.**

Dated: 9/27/2023

Hon. Barbara L. Major
United States Magistrate Judge