UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LOKESH TANTUWAYA MD, INC.<br><br>Plaintiff,<br><br>v.<br><br>JETSUITE, INC. and SUPERIOR AIR CHARTER, LLC<br><br>Defendants. | Case No.: 19-cv-49-W-BLM<br><br>**ORDER GRANTING DEFENDANTS JETSUITE, INC. AND SUPERIOR AIR CHARTER LLC'S MOTION FOR MONETARY SANCTIONS AND REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION FOR TERMINATING SANCTIONS AND TO DISMISS ACTION**<br><br>**[ECF No. 36]** |

Currently before the Court is Defendants JetSuite, Inc. and Superior Air Charter, LLC's ("Defendants") October 25, 2023 Motion for Monetary and Terminating Sanctions and to Dismiss Action Pursuant to Fed. R. Civ. P. 37(b)(2) ("MTD"). ECF No. 36. For the reasons set forth below, this Court **RECOMMENDS** that Defendants' MTD be **GRANTED**.

### PROCEDURAL BACKGROUND

On January 8, 2019, Defendants JetSuite Inc. ("JetSuite") and Superior Air Charter, LLC ("SAC") removed this action from Superior Court of California, County of San Diego. ECF No. 1. On February 15, 2019, Defendants answered Plaintiff's Complaint. ECF No. 6. On March 25, 2019, Magistrate Judge Major held a Case Management Conference and subsequently issued a scheduling order regulating all pre-trial and discovery deadlines. ECF Nos. 9, 10. On April 26,

2019, Defendants filed a Motion to Stay Civil Action Pending Resolution of Criminal Proceedings, which was granted by District Judge Thomas J. Whelan on August 19, 2019. See ECF Nos. 11, 14. On June 2, 2020, Defendant SAC filed a notice of Bankruptcy Filing. See ECF No. 17. On December 13, 2022, District Judge Whelan vacated the stay on the case. ECF No. 25. On January 23, 2023, Magistrate Judge Major issued an amended scheduling order regulating pre-trial and discovery deadlines. ECF No. 29.

On August 18, 2023, counsel for Defendants contacted the Court regarding a discovery dispute. ECF No. 32 at 1; see Hon. Barbara L. Major Chamber Rules-Civil Cases, Rule V(A). Despite counsel for Defendant notifying Plaintiff's counsel about the August 18, 2023 discovery conference call seventy-two (72) hours in advance pursuant to the undersigned Judge's Chamber Rules, Plaintiff's counsel did not participate in the discovery conference call. Id.; see Hon. Barbara L. Major Chamber Rules-Civil Cases, Rule V(B).  The Court issued an Order Setting a Briefing Schedule on August 18, 2023 regarding the discovery dispute. ECF No. 32. On August 21, 2023, Defendants filed a Motion to Compel Responses to Discovery Pursuant to Fed. R. Civ. P. 37(a) and Request for Monetary and Terminating Sanctions ("MTC"). ECF No. 33. Plaintiff did not file an Opposition. See Docket. Defendants filed a reply on September 11, 2023. ECF No. 34.

On September 27, 2023, the Court entered an Order Granting Defendants' Motion to Compel Responses to Discovery and Imposing Monetary Sanctions. ECF No. 35. Plaintiff was ordered to produce responsive documents to Defendants' Requests for Production, set one, Nos. 1, 10-11, 13, 16-19, 22-24, 27-28, 31-34, 38-39 and to provide substantive, complete responses to Defendant JetSuite's Interrogatories, set one, without objection within fourteen (14) days of the order. ECF No. 34 at 11. In addition, the Court imposed monetary sanctions and ordered Plaintiff and Plaintiff's counsel, James McDanel of the Law Offices of James McDanel, to pay $1,425.00 to Defendants by October 13, 2023 for their failure to respond to Defendants' written discovery, engage in meet and confer efforts, and respond to the MTC. Id. Plaintiff's counsel was ordered to file a declaration of payment by October 20, 2023. Id.

Plaintiff failed to provide responsive documents and interrogatory responses pursuant to this Court's September 27, 2023 order. MTD at 4; Declaration of Laura M. Booth in Support of Motion for Terminating Sanctions and to Dismiss Action ("Booth Decl.") at ¶ 25. Plaintiff's counsel failed to file a declaration of payment. See Docket; Booth Decl. at ¶ 26. Plaintiff and Plaintiff's counsel did not pay the monetary sanction, and, on October 30, 2023, the Court issued an Order to Show Cause Why Sanctions Should Not Be Imposed ("OSC") wherein the Court ordered Plaintiff's counsel to appear and set the OSC hearing for November 15, 2023. ECF No. 37 at 1. The OSC hearing was held on November 15, 2023, at 2:00 p.m. in Courtroom 2A, United States District Court, 940 Front Street, San Diego, California 92101. ECF No. 39. Plaintiff's counsel did not appear.[1] Id. Plaintiff's counsel has not filed a motion seeking to withdraw from his representation of Plaintiff. See Docket.

Defendants filed the instant MTD on October 25, 2023. ECF No. 36. Plaintiff's response was due on or before November 17, 2023. ECF No. 38 at 1. Plaintiff did not file an opposition. See Docket. Defendants did not file a Reply in Support of their MTD. Id.

## DISCOVERY BACKGROUND

On March 22, 2019, Defendants served Plaintiff with Requests for Production of Documents, set one. MTD at 2; ECF No. 36-2. On May 2, 2019, Plaintiff served written responses to Defendants' Requests for Production, set one, ("RFP") and committed to produce responsive documents to RFPs 1, 9-11, 13, 16-19, 22-24, 27-28, 31-34, 38-39 after any stay of the case concluded. Id.; ECF No. 36-3. On March 6, 2023, Defendant JetSuite served Interrogatories, set one, on Plaintiff. Id.; ECF No. 36-4.

On March 7, 2023, Defendants requested Plaintiff comply with his prior commitment to produce responsive documents to Defendants' RFPs. Id. at 3; ECF No. 36-5. Plaintiff's counsel

---

[1] Plaintiff's counsel called Magistrate Judge Major's chambers at 1:56 p.m. on November 15, 2023, four (4) minutes prior to the start of the OSC, to request a telephonic appearance at the OSC hearing. Judge Major's Judicial Law Clerk informed Plaintiff's counsel that he was ordered to appear in person so no telephonic appearance would be allowed, and that he could file a declaration explaining why he failed to appear in person as ordered. Plaintiff's counsel did not file any document or submit any explanation. See Docket.

responded on March 15, 2023, stating that he was "in the process of communicating" with Plaintiff, and would "follow[] up on the production of documents." Id.; ECF No. 36-6. Plaintiff's counsel also requested a 30-day extension for the Request for Production, set one. Id. After that 30-day period passed, Defendants sent another request for Plaintiff to comply with his prior commitment to produce responsive documents. Id.; Booth Decl. at ¶ 11. Defendants state they did not receive a response to their multiple attempts to communicate with Plaintiff's counsel and have not received any responsive documents. Id. at 4; Booth Decl. at ¶¶ 18, 25.

Per this Court's January 20, 2023 Scheduling Order, the parties' expert designations were due July 14, 2023, and supplemental designations were due August 11, 2023. ECF No. 29 at 2. Defendants served their expert designation on July 14, 2023. MTD at 3; ECF No. 36-8. Defendants state that, as of October 25, 2023, they have not been served with Plaintiff's expert designation. MTD at 3; Booth Decl. at ¶ 15.

On August 10, 2023, Defendants notified Plaintiff that they intended to file a motion to compel responses and/or dismiss this action. MTD at 3; ECF No. 36-9. The following day, Defendants again contacted Plaintiff and expressed a willingness and availability to meet and confer. Id.; ECF No. 36-10. On August 15, 2023, Defendants contacted Plaintiff again, attempting to schedule an informal discovery conference call with Magistrate Judge Major's law clerk regarding Defendants' proposed motion to compel. Id.; ECF No. 36-11. Defendants stated that they did not receive a response to their correspondence or request for participation in an informal discovery conference. Id.; Booth Decl. at ¶ 18. Further, according to the Court's January 23, 2023, Scheduling Order, all expert discovery was to be completed by November 10, 2023. See ECF No. 29 at 3.

Despite this Court's September 27, 2023 order granting Defendants' MTC discovery, Plaintiff failed to respond to Defendant JetSuite's interrogatories and failed to produce any responsive documents. MTD at 4; Booth Decl. at ¶ 25; see also ECF No. 35.

## LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 16(f)

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(f),

>the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith in the conference; or (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

### B. Federal Rules of Civil Procedure 37 & 41

Rule 37 of the Federal Rules of Civil Procedure empowers this Court to issue sanctions against a party for failing to make disclosures or cooperate in discovery. A court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). If a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue" an appropriate sanction order. Fed. R. Civ. P. 37(b)(2)(A). "The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct." Hullinger v. Anand, 2016 WL 7444620, at *8 (C.D. Cal. Aug. 19, 2016) (quoting Apple Inc. v. Samsung Elcs. Co., Ltd., 2012 WL 2862613, at *1-2 (N.D. Cal. July 11, 2012)). Rule 37 authorizes a court to consider and impose the following sanctions:

>(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>(iii) striking pleadings in whole or in part;
>(iv) staying further proceedings until the order is obeyed;
>(v) dismissing the action or proceeding in whole or in part;
>(vi) rendering a default judgment against the disobedient party; or
>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Dismissal is a harsh penalty that "should be imposed only in extreme circumstances." Meeks v. Nunez, 2017 WL 908733, at *10 (S.D. Cal. Mar. 8, 2017) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983)).  Under Rule 37, terminating sanctions are only appropriate if the conduct of the disobedient party is "due to willfulness, bad faith, or fault of the party." Id. (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted)).

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Proc. 41(b). "Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'" Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063 (9th Cir. 2004) (quoting Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996) and United States ex rel. Wiltec Guam, Inc., 857 F.2d at 603).  A dismissal for lack of prosecution must be supported by a showing of unreasonable delay. Ortega v. Kimble, 2022 WL 4376784, at *1 (D. Arizona, Sep. 22, 2022) (quoting Nealey v. Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir.1980)).

The Ninth Circuit has set forth five factors to be considered by the court in selecting the appropriate sanction under both Rule 37 and Rule 41:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Hullinger, 2016 WL 7444620, at *8 (quoting Valley Engineers Inc. v. Electyric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1991) (quoting Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986)). This test is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc., 158 F.3d at 1051 (observing that the five-factor test "amounts to a way for a district judge to think about what to so, not a series of conditions precedent" to dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support

dismissal). When a court order is violated, the first two factors support terminating sanctions while the fourth factor, the public policy favoring disposition of the cases, does not support dismissal. See Adriana Int'l Corp v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1991). Therefore, the third and fifth factors are ultimately determinative of the result. Adriana Int'l Corp., 913 F.2d at 1412. When considering evidentiary, issue or terminating sanctions, factors three and five "become particularly important." Id.

### C. Civil Local Rule 83.1

Civil Local Rule 83.1 addresses sanctions for noncompliance with rules:

> Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any other of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.
>
> For violations of these Local Rules or of a specific court order, the Court may, in imposing monetary sanctions, order that the monetary sanctions be paid to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury.

## DISCUSSION

In their MTD, Defendants argue that Plaintiff's Complaint should be dismissed in its entirety as Plaintiff failed to comply with this Court's orders, and for failure to prosecute this action. MTD at 4, 9. Specifically, Plaintiff failed to comply with this Court's order to serve responses to Defendants' interrogatories, produce documents, and pay monetary sanctions by October 20, 2023. Id. at 2. Further, Defendants request an order awarding Defendants the reasonable expenses, including attorney's fees, incurred in making this motion. Id. Defendants argue that the Court has the authority to dismiss Plaintiff's case under Fed. R. Civ. P. 37(b)(2) and to grant Defendants reasonable expenses including attorney's fees under Fed. R. Civ. P. 37(a)(5)(A). Id. at 4, 8.

//

### A. Violation of this Court's Orders

On September 27, 2023, the Court granted Defendants' first MTC, and ordered Plaintiff to: (1) produce responsive documents to Defendants' RFPs, Nos. 1, 10-11, 13, 16-19, 22-24, 27-28, 31-34, 38-39 and Defendant JetSuite's Interrogatories, Set One, without objection within fourteen days of the order; (2) pay monetary sanctions in the amount of $1,425.00 to defense counsel by October 13, 2023; and (3) file a declaration of payment by October 20, 2023. ECF No. 35 at 11. Plaintiff failed to: (1) produce any discovery responses (see MTD at 4; Booth Decl. at ¶¶ 26-27); (2) pay sanctions to Defendants (see MTD at 4; Booth Decl. at ¶ 26); and (3) file a declaration of payment (see Docket). The Court specifically warned Plaintiff that additional failures to comply with discovery obligations or court orders may result in additional monetary sanctions, evidentiary sanctions, or dismissal of the case. ECF No. 35 at 11.

On October 30, 2023, the Court issued an OSC and scheduled a hearing for November 15, 2023, ordering Plaintiff's counsel to appear in person and show cause why sanctions should not be imposed for his failure to follow this Court's order. See ECF No. 37. Again, in violation of the Court Order, Plaintiff's counsel failed to appear for the OSC hearing. See ECF No. 39. The Court notes that Plaintiff's counsel was aware of the OSC hearing as he called Judge Major's chambers to request a telephonic appearance at the OSC four (4) minutes prior to the start of the hearing.

The facts clearly establish that Plaintiff failed to comply with the Court's orders. The issue then, is the appropriate sanction. For dismissal under Fed. R. Civ. P. 37(b) and 41(b), the conduct of the disobedient party must be due to willfulness, bad faith, or fault of the party." Meeks, 2017 WL 908733, at *10 (quoting United States ex rel. Wiltec Guam, Inc., 857 F.2d at 603. This factor does not require a finding of wrongful intent or any particular mental state. See United States v. Lee, 2016 WL 11281164, at *2 (S.D. Cal. Dec. 6, 2016). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing Henry v. Gill Indus., 983 F.2d 943, 948 (9th Cir. 1993). "A single willful violation may suffice depending on the circumstances." United States v. Approximately $30,000.00 in U.S. Currency, 2015 WL

5097707, at *8 (E.D. Cal. Aug. 28, 2015) (citing Valley Engineers, Inc., 158 F.3d at 1056, cert. denied, 526 U.S. 1064 (1999)) and Ortiz–Rivera v. Municipal Government of Toa Alta, 214 F.R.D. 51, 57 (D.P.R.2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal)). The Ninth Circuit has held that dismissal is appropriate when the "district court determines 'that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders.'" Meeks, 2017 WL 908733, at *6 (citing Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) (quoting G–K Props. v. Redevelopment Agency, 577 F.2d 645, 647 (9th Cir. 1978)) (citing Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976)).

The Court finds that Plaintiff and his lawyer knowingly, intentionally, and willfully failed to comply with court orders. In this Court's September 27, 2023 Order granting Defendants' MTC, the Court ordered Plaintiff to provide discovery and warned Plaintiff that "additional failures to comply with discovery obligations or court orders may result in additional monetary sanctions, evidentiary sanctions, or dismissal of the case." See ECF No. 35 at 9. Despite the warning and with notice of the potential consequences for failure to comply, Plaintiff failed to participate in discovery, pay sanctions, file any document, respond to the OSC, or appear in court for the OSC as ordered. Plaintiff's counsel's telephone call to the undersigned Judge's chambers four (4) minutes prior to the OSC hearing establishes that he received this Court's orders, knew what he was required to do, and intentionally refused to comply with the Court's orders. Accordingly, the Court finds that Plaintiff's failures to follow this Court's specific orders to produce documents and interrogatory responses, pay sanctions, file a declaration of payment, and appear for the OSC hearing were done knowingly, willfully, and voluntarily and the decision was entirely within the control of Plaintiff and his attorney.

### B. **Plaintiff's Failure to Engage in Discovery**

The evidence also clearly establishes that Plaintiff knowingly, intentionally, and willfully failed to participate in the discovery process. While it is unclear whether Plaintiff served any discovery on Defendants because Plaintiff did not file any pleadings in response to the Court's orders and Defendants did not provide the information, it is clear that Plaintiff did not respond

to Defendants' discovery. Plaintiff did not produce responsive documents to Defendants' RFPs served on March 22, 2019, or respond to Defendant JetSuite's interrogatories, set one, served on March 6, 2023. MTD at 4; Booth Decl. ¶ 8-9. On March 15, 2023, Plaintiff's counsel advised defense counsel that he would provide responsive documents to the March 2019 request, which established that Plaintiff was aware of his discovery obligations. See MTD at 3; Booth Decl. at ¶ 10. Counsel for Defendant made repeated attempts to obtain the discovery and to meet and confer with Plaintiff's counsel regarding the discovery disputes, but Plaintiff's counsel has continually refused to communicate with defense counsel after the March 15, 2023 communication, approximately nine (9) months ago. Booth Decl. at ¶¶ 3-18; ECF Nos. 36-5, 36-6, 36-7, 36-9, 36-10, 36-11. Similarly, Plaintiff failed to designate experts or serve his expert designations upon Defendants as required by Fed. R. Civ. P. 26(a)(2)(D)(i). Id. at 3; Booth Decl. at ¶¶ 12, 14-15.

Plaintiff and Plaintiff's counsel were given ample warning and opportunity to cure the deficiencies regarding their failure to conduct and respond to fact and expert discovery, failure to participate in meet and confer efforts, and failure to comply with this Court's discovery orders. In addition, Plaintiff's counsel's November 15, 2023 phone call to Judge Major's chambers confirmed that Plaintiff received the Court's orders. Accordingly, the Court finds that Plaintiff knowingly, intentionally, and willfully failed to engage in the discovery process and unreasonably delayed the litigation.

**C. Factors for Dismissal**

As discussed below, all of the factors identified by the Ninth Circuit support the Court's decision to recommend dismissal of this case pursuant to Rules 37 and 41. See Valley Engineers, 158 F.3d at 157; Ferdik, 963 F.2d at 1261; Hullinger, 2016 WL 7444620, at *8.

1. Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Dockets

The first two factors represent the interest of judicial economy and weigh in favor of dismissal. Here, Plaintiff filed this action over five years ago, on December 5, 2018. Although this case was stayed from August 19, 2019, until December 13, 2022 (see ECF No. 25), in the

twelve months since the stay was vacated, Plaintiff has not taken any action to move this case toward resolution. Plaintiff has not designated experts, designated rebuttal experts, produced expert disclosures, or responded to Defendants' discovery requests, and has not communicated with Defendants' counsel since March 2023. Additionally, he has repeatedly failed to comply with this Court's orders. Accordingly, the Court finds that Plaintiff has unreasonably delayed in prosecuting this action. See Ortega, 2022 WL 4386784, at *2 (finding unreasonable delay when the plaintiff did not participate in discovery nor respond to court orders over a five-month period). Plaintiff's failures have negatively impacted both the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket. Both of these factors weigh in favor of dismissal.

2. The Risk of Prejudice to the Party Seeking Sanctions

The consideration of prejudice is an important factor in deciding a motion for a dismissal and should receive more weight than the other factors. Meritage Homeowners' Ass'n v. bank of New York Mellon, 2017 WL 9471669, at *4 (D. Or. Dec. 3, 2017) (citing Henry, 983 F.2d at 948 and Banga v. Experian Info. Solutions, 2009 WL 2407419, *1 (N.D. Cal. Aug. 4, 2009)). "A defendant suffers prejudice if the plaintiff's action impairs the defendant's ability to go to trial or threatens to interfere with the rightful decision of the case." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (quoting Adriana Int'l Corp., 913 F.2d at 1412 and citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) and In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994)). Failing to produce documents as ordered is considered sufficient prejudice. Id. (citing Adriana Int'l Corp, 913 F.2d at 1412). "Prejudice normally consists of loss of evidence and memory, it may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself." Id. (citing In re Eisen, 31 F.3d at 1453 and Pagtaluan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)).

Here, Plaintiff has repeatedly and consistently refused to participate in the litigation process, produce required discovery, and comply with judicial orders, which has severely prejudiced Defendants. As a result of Plaintiff's conduct, Defendants have had to spend time and money (1) preparing and serving requests for production of documents and interrogatories

without receiving any response or document production from Plaintiff, (2) attempting to meet and confer with Plaintiff to informally resolve discovery disputes, (3) retaining and designating experts, (4) preparing and filing a motion to compel, and (6) preparing and filing the instant MTD. Despite Defendants' efforts, Plaintiff has not produced discovery nor provided an excuse or explanation for the inaction. Discovery has closed and Defendants need to consider and possibly draft motions for summary judgment and prepare for trial. ECF No. 29 at 1-3. They are unable to do so because Plaintiff has not produced any discovery or participated in the litigation. As such, it is clear that Plaintiff's conduct has severely impaired Defendants' ability to go to trial in this matter. See Mendia v. Garcia, 2018 WL 509977, at *11 (N.D. Cal. Jan. 23, 2018) (finding that plaintiff's conduct was sufficiently prejudicial against defendants to warrant dismissal as "Defendants have been forced to expend time and resources attempting to secure [plaintiff's] cooperation by filing motions (including the instant Motion) and attending in-person meet and confer sessions, a motion hearing, and a deposition where Plaintiff did not to appear. Plaintiff's refusal to produce discovery has also impaired Defendants' ability to adequately defend against Plaintiff's claims."). Therefore, this factor also weighs in favor of dismissal.

### 3. Public Policy Favoring Disposition of Cases on Their Merits

The Court finds that the fourth factor also weighs in favor of dismissal. While public policy favors disposition of cases on their merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." In re Phenylpropanolamine, 460 F.3d at 1228. As such, this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (quoting In re the EXXON VALDEZ, 102 F.3d 429, 433 (9th Cir. 1996) (noting that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits); In re Eisen, 31 F.3d at 1454 (giving weight to the plaintiff's failure to specify why it is important that his actions be resolved on their merits); Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits).

It has been over nine months since Plaintiff's counsel last contacted Defense counsel and the discovery window has closed and yet Plaintiff has not made any effort to move this case toward a resolution on the merits. Plaintiff's apparent abandonment of this case overcomes the public policy and favors dismissal.

### 4. Availability of Less Drastic Sanctions

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks, 2017 WL 908733, at *5. Before imposing a dismissal sanction, a court must consider the "impact of the sanction and the adequacy of less drastic sanctions." United States ex rel. Wiltec Guam, Inc., 857 F.2d at 604 (quoting Malone, 833 F.2d at 131 and United States v. Nat'l Med. Enter., 792 F.2d 906, 912 (9th Cir. 1986)). In Kahaluu Constr. Co., the Ninth Circuit opined that "the district court is generally required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." Id. (citing Halaco Eng'g Co. v. Costle, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives."). If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." Id. at 605. In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" U.S. Equal Emp't Opportunity Com'n, 2009 WL 1287757, at *4 (quoting Adriana Int'l. Corp., 913 F.2d at 1412-13). All three of these factors support the Court's dismissal recommendation.

The Court has considered and rejected the possibility of lesser sanctions. Monetary sanctions were ineffective in forcing Plaintiff to comply with his discovery obligations and court orders were ignored. As a result, monetary sanctions are not appropriate now. The Court also has considered evidentiary sanctions, but finds they are unlikely to be successful given the fact

that Plaintiff has refused to participate in the discovery and litigation process despite the Court's warning that such a failure could result in evidentiary or dismissal sanctions. In addition, "evidentiary sanctions are most appropriate when a party fails to provide one specific type of discovery." See Chambers v. Janssen Pharmaceuticals, Inc., 2018 WL 3706695, at *6 (S.D. Cal., Aug. 3, 2018). Here, Plaintiff has not provided any discovery so there is no appropriate evidentiary sanction or jury instruction. See Alexis v. Rogers, 2017 WL 1967328, at *7 (S.D. Cal., May 12, 2017) ("evidentiary sanctions would not be appropriate in this case as Plaintiff has refused to engage in any discovery or litigation since at least January 2017. As such, any evidentiary sanction would have to be broad, excluding a significant amount of evidence and essentially preventing Plaintiff from presenting her case").[2] Finally, the Court repeatedly warned Plaintiff that continued failures to participate in discovery and comply with Court orders could result in dismissal of his case. See ECF No. 35 at 11; ECF No. 29 at 3. Despite repeated warnings, court orders, and the imposition of monetary sanctions, Plaintiff refused to comply or litigate this case. As a result, the Court finds that this factor also weighs in favor of a dismissal sanction.

### 5. Conclusion

For the reasons set forth above, the Court finds that Plaintiff knowingly, intentionally, and willfully failed to comply with Court orders and the discovery process and, therefore, all of the Hullinger factors weigh in favor of dismissal. See Hullinger, 2016 WL 7444620, at *8 (quoting Valley Engineers Inc.,158 F.3d at 1057). Further, the Court finds that Plaintiff has unreasonably delayed in prosecuting this action which further warrants dismissal. See Ortega, 2022 WL

---

[2] Citing Leon v. IDX Sys. Corp., 464 F.3d 951, 960–61 (9th Cir. 2006) (affirming a dismissal sanction where an evidentiary sanction would have been "futile" and a jury instruction that created a presumption in favor of defendants still "would leave [d]efendants equally helpless to rebut any material that [p]laintiff might use to overcome the presumption.") and Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 352 (9th Cir. 1995) (affirming a dismissal sanction because plaintiff's repeated violations of the court's orders and concealment of documents demonstrated that "dismissal was the only real alternative," where "the court anticipate[d] continued deceptive misconduct" and there was no "reasonable assurance that the truth would be available.").

4386784, at *2. The Court, therefore, recommends that Defendants' motion be granted and the instant case dismissed with prejudice.

### D. **Defendants are Entitled to the Reasonable Expenses, Including Attorney's Fees, Incurred in Bringing the MTD**

Defendants seek to recover the $1,140 they spent in attorney's fees preparing and filing the current MTD. Under Fed. R. Civ. P. 37, the movant's reasonable expenses, including attorney's fees, must be awarded if the motion is granted and no exceptions apply:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Fee awards, are subject to two conditions. Superior Consulting Servs., Inc. v. Steeves-Kiss, No. 17-CV-06059-EMC, 2018 WL 2183295, at *1 (N.D. Cal. May 2018), aff'd by 786 Fed.Appx. 648 (2019) (citing Fed. R. Civ. P. 11(c)(2), (4)). The award must be limited to fees directly resulting from the violation, and the fees awarded must be reasonable. Fed. R. Civ. P. 37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure"); Goodyear Tire & Rubber Co. v. Haeger, 137 S.Ct. 1178, 1186, n. 5 (2017) ("Rule-based and statutory sanction regimes similarly require courts to find such a causal connection before shifting fees.") (quoting Fed. R. Civ. P. 37(b)(2)(C)). A "court can shift only those attorney's fees incurred because of the misconduct at issue ... [The] causal connection ... is appropriately framed as a but-for test: The complaining party [ ] may recover only the portion of his fees that he would not have paid but for the misconduct." Goodyear Tire, 137 S.Ct. at 1186–87.

The Court grants Defendants' request for reasonable expenses as Plaintiff did not oppose the instant MTD and no exception to an award of reasonable expenses applies. First, but for Plaintiff's failure to comply with his discovery obligations and this Court's orders, Defendants would not have needed to bring the instant MTD. Next, Defendants tried to obtain Plaintiff's discovery responses and document production through the meet and confer process but Plaintiff refused to participate or even respond to counsel's communications. Third, there is no substantial justification for Plaintiff's failure to comply with court orders and to engage in the litigation process. Lastly, the Court is not aware of any fact that would make an award of expenses unjust. As the Court finds that an award of reasonable expenses is appropriate and no exception applies, the issue is whether Defendant's requested expenses are reasonable.

Defendants seek monetary sanctions of $1,140.00, which constitutes the costs incurred in preparing and filing the instant MTD. Booth Decl. at ¶ 27. Counsel for Defendant, Ms. Booth, states that she spent two (2) hours preparing the MTD and that her billing rate is $570 per hour (2.0 x $570 = $1,140). Id. After reviewing Ms. Booth's declaration and considering the lack of objection, the Court finds that Ms. Booth's hourly rate is reasonable and in line "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, expertise, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). The Court also finds that the requested two (2) hours for preparing the instant MTD is extremely reasonable. Finally, the Court notes that Plaintiff failed to oppose the request for sanctions or to object to the hourly rate requested and the time spend by counsel drafting the MTC. See Docket.

For the reasons set forth above, the Court finds that monetary sanctions are appropriate. The Court further finds that Plaintiff did not provide any substantial justification for his failure to comply with his discovery obligations or follow this Court's orders and there are no "other circumstances [that] make an award of expenses unjust." See Fed. R. Civ. P. 37(d). Accordingly, the Court **GRANTS** Defendants' request for monetary sanctions in the amount of $1,140.00 and orders Plaintiff and his attorney, James McDanel of the Law Offices of James McDanel, to pay by **January 5, 2024**. This sanction is in addition to the monetary sanction ordered in September 2023.

## RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff has knowingly, intentionally, and willfully failed to comply with Court orders, refused to respond to discovery or take any efforts to move this case toward resolution, and unreasonably delayed the resolution of this case to the detriment of Defendants. As a result, and after considering all the requisite factors, the Court **RECOMMENDS** that the District Judge issue an order (1) approving and adopting this Report and Recommendation and (2) granting Defendants' Motion to Dismiss.[3]

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than January 3, 2024.** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than January 10, 2024.** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: 12/19/2023

Hon. Barbara L. Major
United States Magistrate Judge

---

[3] Additionally, Civil Local Rule 7.1(f)(3)(c) states that "[i]f an opposing party fails to file the papers in the manner required by Civil Loval Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." Accordingly, Plaintiff's lack of opposition to the instant motion is another factor in support of the Court's recommendation for granting Defendants' Motion to Dismiss.