**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. LOKESH TANTUWAYA MD, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>JETSUITE, INC. and SUPERIOR AIR CHARTER, LLC,<br><br>                            Defendants | Case No.:  **19-cv-0049 W (BLM)**<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [DOC. 41]; (2) GRANTING DEFENDANTS' MOTION FOR MONETARY AND TERMINATING SANCTIONS [DOC. 36]; AND (3) AWARDING MONETARY $2,565.00 AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL, JAMES McDANEL OF THE LAW OFFICES OF JAMES McDANEL** |

      Pending before the Court is Defendants' motion for monetary and terminating sanctions (the "Motion" [Doc. 36]). On December 19, 2023, United States Magistrate Judge Barbara L. Major issued a Report and Recommendation ("Report"), recommending the Court (1) grant the Motion and (2) and award monetary sanctions in the amount of $1,140.00, in addition to the $1425.00 in sanctions previously awarded in connection

1

with Defendants' motion to compel discovery. (*Report* [Doc. 41] 16:11–28, 17:2–7; *MTC Order* [Doc. 35] 10:24–26.)  The Report also ordered any objections filed no later than January 3, 2024, and any reply filed by January 10, 2024. (*Id*. at 27:8–10.)  To date, no objection has been filed, nor has there been a request for additional time in which to file an objection.

For the following reasons, the Court will **ADOPT** the Report [Doc. 41], **GRANT** the Motion [Doc. 36], and **AWARD** $2,565.00 in sanctions against Plaintiff and his attorney, James McDanel of the Law Offices of James McDanel.

I.  DISCUSSION.

A.  Plaintiff did not object to the Report.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(C) "makes it clear that the district judge must review the magistrate judge's finding and recommendations de novo *if objection is made*, but not otherwise") (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the District Court had no obligation to review the magistrate judge's report).  This rule of law is well-established within both the Ninth Circuit and this district.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is *only* required when an objection is made to the R & R.") (emphasis added) (citing *Reyna-Tapia*, 328 F.3d at 1121); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting Report without review because neither party filed objections despite having the opportunity to do so, and holding that, "accordingly, the Court will adopt the Report and

Recommendation in its entirety."); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

The deadline for objecting to the Report was January 3, 2024. To date, no objection has been filed, nor has there been a request for additional time in which to file an objection. For this reason, the Report's recommendation that the Court grant the Motion and award monetary sanctions is merited.

### B. Plaintiff did not oppose the Motion.

Civil Local Rule 7.1(f.3.c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." The Ninth Circuit has held that a district court may properly grant a motion to dismiss for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).

Here, Defendants' motion to dismiss identified a hearing date of December 18, 2023. (*See Motion* [Doc. 36].) Based on this hearing date, Plaintiff's opposition was due on December 4, 2023. Civ. L.R. 7.1e2. Plaintiff did not file an opposition to the Motion, and there no indication that Plaintiff was not served with the Motion. Additionally, there is no indication Plaintiff attempted to obtain an extension of time to file an opposition. For this additional reason, the Report's recommendation that the Court grant the Motion and award monetary sanctions is merited.

### C. The Court agrees with the Report's analysis and conclusion.

Based on the Court's review of the Report, moving papers and docket, it is clear the Report represents a thorough and well-reasoned analysis of the issues presented. The evidence and docket confirm that Plaintiff and his counsel have knowingly, intentionally and willfully failed to comply with court orders, including the September 27, 2023 Order

granting Defendants' motion to compel (*MTC Order* [Doc. 35]).  That order specifically warned that "additional failures to comply with discovery obligations or court orders may result in additional monetary sanctions, evidentiary sanctions, or dismissal of the case." (*MTC Order* at 9:25–28.)  And as set forth in the Report, "[d]espite the warning and with notice of the potential consequences for failure to comply, Plaintiff failed to participate in discovery, pay sanctions, file any document, respond to the OSC, or appear in court for the OSC."  (*Report* at 9:14–17.)

The evidence and record also confirm that Plaintiff and his counsel have knowingly, intentionally and willfully failed to participate in the discovery process. Despite initially committing to engage in discovery once the stay in the case was vacated, Plaintiff failed to produce documents responsive to Defendants' document requests or respond to interrogatories.  (*Report* at 10:1–3.)  Eventually, Plaintiff's counsel also stopped responding to Defendants' attorney's attempts to resolve the discovery disputes and failed to participate in efforts before the Magistrate Judge to resolve those disputes. (*Id.* at 10:6–11:19.)  In addition to failing to respond to discovery or the discovery-dispute-resolution process, Plaintiff failed to designate any experts or rebuttal experts for Defendants' designated expert.  (*Id.* at 11:10–12.)  In short, Plaintiff has failed to take any steps to prosecute this action.

Based on the above facts, the Court agrees with the Report's conclusion that the Ninth Circuit's factors for determining whether to grant terminating sanctions support dismissal of this case. *See Valley Engineers Inc. v. Electyric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (identifying "five-part 'test' to determine whether a dismissal sanction is just").  Additionally, under Federal Rule of Civil Procedure 37, Defendants are entitled to their reasonable expenses incurred in filing the motion, and the Court agrees with the Report's finding that Defendants' attorney's hourly rate and the amount of time spent on the Motion are reasonable. (*See Report* at 16:12–20.)

## II. CONCLUSION & ORDER

For the reasons set forth above, the Court **ADOPTS** the Report [Doc. 41], **GRANTS** the Motion [Doc. 36], and **AWARDS** a total of $2,565.00 in monetary sanctions against Plaintiff and his attorney, James McDanel of the Law Offices of James McDanel, jointly and severally. Based on the foregoing, this case is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Dated: January 9, 2024

Hon. Thomas J. Whelan
United States District Judge

19-cv-0049 W (BLM)